JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ABIRA MEDICAL LABORATORIES,

Plaintiff,

v.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al.,

Defendants.

Case No. 2:25-cv-03220-WLH-RAO

**ORDER RE DEFENDANT ANTHEM'S MOTION TO DISMISS [32] AND DEFENDANT CALIFORNIA PHYSICIANS SERVICES' MOTION TO DISMISS [33]**

The Court is in receipt of Defendant Anthem's Motion to Dismiss (the "Anthem MTD") (Anthem MTD, Docket No. 32) and Defendant CPS' Motion to Dismiss (the "CPS Motion"). (CPS Motion, Docket No. 33). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 11 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for August 15, 2025, is **VACATED**, and the matter is taken off calendar. As explained herein, the Court **GRANTS** both Motions, thereby dismissing the action with prejudice.

## I. BACKGROUND

The pertinent factual and procedural background is established in the June 13, 2025, Order (the "MTD Order"), which the Court incorporates by reference. (*See* MTD Order, Docket No. 28 at 2-6). The Court, therefore, only details the relevant background as of June 13, 2025.

In the MTD Order, the Court denied Plaintiff's motion to remand and granted Defendant Anthem's motion to dismiss, dismissing all three causes of action. (MTD Order at 33). The Court dismissed the first and second causes of action – for breach of contract and breach of implied covenant of good faith and fair dealing, respectively – without prejudice and dismissed the quantum meruit claim with prejudice. (*Id.*). The Court also dismissed the 11 Disputed ERISA claims with prejudice and dismissed the 16 Disputed Medicare Claims without prejudice, but only in the event that Plaintiff could plead administrative exhaustion.[1] (*Id.*).

On July 3, 2025, Plaintiff filed its Second Amended Complaint (the "SAC"). (*See* Sec. Am. Compl. ("SAC"), Docket No. 31). On July 17, 2025, Defendants Anthem and CPS filed the Motions before the Court. (*See* Docket Nos. 32, 33). Plaintiff failed to oppose either Motion.

## II. DISCUSSION

### A. <u>Legal Standard</u>

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate

[1] Plaintiff eliminated the 16 Disputed Medicare Claims from the spreadsheet attached to the Second Amended Complaint, suggesting that it could not plead administrative exhaustion.

"only when [the complaint] fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016); *see* Fed. R. Civ. P. 12(b)(6).

"[The] court must 'draw all reasonable inferences in favor of the nonmoving party'" and take its non-conclusory allegations as true. *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). The court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . .").

Pursuant to Fed. R. Civ. P. 15(a)(2), when a motion to dismiss is granted, courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." leave should be granted in conformity with Rule 15(a)(2). *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (2012) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Futility of amendment can, by itself, justify denial of leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims," a district court acts within its discretion in dismissing without leave to amend. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

**B. <u>Analysis</u>**

*1. Plaintiff Failed to Oppose the Motions*

Under Local Rule 7-12, the "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion." L.R. 7-12; *see Marcus v. ABC Signature Studios, Inc.*, 279 F.Supp.3d 1056, 1063 (C.D. Cal. 2017) (granting motion to dismiss "without reaching the merits"); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming district court's dismissal of the action where *pro se* petitioner failed to oppose the motion to dismiss, which was considered consent to the granting of the motion under the local rules).

Here, Plaintiff failed to oppose either Motion. This, alone, is sufficient to grant the Motions without reaching the merits. *Marcus*, 279 F.Supp.3d at 1063; *see also Ghazali*, 46 F.3d at 53. Nevertheless, the Court briefly addresses the merits by assessing the extent to which Plaintiff addressed the deficiencies identified by the Court in its MTD Order.

*2. Plaintiff Failed to Cure the Deficiencies Identified by the Court*

Defendants argue that Plaintiff's SAC fails to cure the deficiencies identified by the Court with respect to the remaining causes of action for (1) breach of contract and (2) breach of implied covenant of good faith and fair dealing. (Anthem MTD at 5-9; CPS MTD at 6-9). The Court agrees, addressing each cause of action in turn. For the reasons explained herein, the Court **GRANTS** both Motions, thereby dismissing the action in its entirety with prejudice.

a. <u>Plaintiff Failed to Cure Deficiencies with Respect to the Breach of Contract Claim</u>

To support a claim for a breach of contract, "a plaintiff must allege (1) the existence of a contract; (2) that he has performed or that his nonperformance is excused; (3) defendant's breach of the contract; and (4) damages resulting from the breach." *Greenwich Ins. Co. v. Rodgers*, 729 F.Supp.2d 1158, 1163 (C.D. Cal. 2010) (citing *Troyk v. Farmers Grp., Inc.*, 171 Cal.App.4th 1305, 1352 (2009)). "With

respect to this first requirement – the need to plead the contract – a plaintiff must, in actions involving breach of a written contract, 'allege the specific provisions in the contract creating the obligation the defendant is said to have breached.'" *In re Anthem, Inc. Data Breach Litigation*, 162 F.Supp.3d 953, 978 (N.D. Cal. 2016) (quoting *Young v. Facebook, Inc.*, 790 F.Supp.2d 1110, 1117 (N.D. Cal. 2011)).

In the MTD Order, the Court emphasized that "[t]he blanket allegation that Defendant Anthem underpaid for services billed is conclusory absent facts demonstrating its obligation to pay for those services in full or pay for them at all." (MTD Order at 28). Simply put, Plaintiff's allegations were conclusory without the inclusion of any provisions alleged to have been breached. (*Id.*). The Court also distinguished the present matter from *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.* ("*Innova*"). *Innova*, 892 F.3d 719 (5th Cir. 2018). In the MTD Order, the Court emphasized that while the plaintiff in *Innova* had similarly failed to include the exact plan language supposedly demonstrating breach, the plaintiff there "had made documented efforts to obtain the plan language at issue for years." (MTD Order at 29) (citing *Innova*, 892 F.3d at 727-29). Furthermore, "the plaintiff there had alleged 'improper reimbursement based on representative plan provisions[,]' such that the district court could [draw] the reasonable inference that the defendant had engaged in misconduct." (*Id.*) (quoting *Innova*, 892 F.3d at 729). By contrast, the Court concluded that the Plaintiff in its FAC "presented the Court only with conclusions it need not accept as true." (*Id.*).

Defendant Anthem emphasizes that "[d]espite the Court's clear directive in the [MTD Order], the SAC continues to omit reference to any specific plan language" with no plan terms "quoted, attached or paraphrased." (Anthem MTD at 5). Instead, Plaintiff merely supplemented the allegations by "offer[ing] a generalized list of purported industry benchmarks, such as CMS rates, FAIR Health, Viant, negotiated rates, and California regulations, but fail[ed] to allege that any of these methodologies were incorporated into the actual health benefits plan governing the Disputed

Claims."[2] (*Id.*). Defendant CPS highlights that Plaintiff "alleges *no attempts* to obtain plans from [it] at any point . . . [n]or does Plaintiff claim to have ever attempted to obtain the plans from the patients allegedly assigning their plan benefits to Plaintiff." (CPS MTD at 7) (emphasis in original). Furthermore, Defendant CPS emphasizes that Plaintiff does not "allege even a single exemplar or typical plan language that might govern the benefits it alleges are due under its supposed assignments." (CPS MTD at 7). Accordingly, Defendants contend that this claim should be dismissed with prejudice. The Court agrees.

Plaintiff failed to cure the deficiencies identified by the Court – namely, the absence of allegations about the specific provision creating the obligation alleged to be breached – either by including good faith allegations that it had tried and failed to obtain the plan language *or* by including representative plan language. As Plaintiff has "previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims," the Court concludes that granting further leave to amend would be futile. *Zucco Partners*, 552 F.3d at 1007; *Bonin v. Calderon*, 59 F.3d at 845. Accordingly, the Court **GRANTS** both Motions with respect to the breach of contract claim, thereby dismissing the claim with prejudice.

---

[2] The SAC alleges in a conclusory fashion that "[t]he reimbursement rates arising under those plans for out-of-network providers such as [Plaintiff] are subject to the Defendant's insureds' Evidence of Coverage *or* 'reasonable customary value.'" (SAC ¶ 25) (emphasis added). The SAC further alleges that "[t]hose policies adhere to one or more of the following methodologies used by payors such as Defendants for reimbursements of claims[,]" listing five different methodologies. Even taking these allegations as true, this fails to provide the level of particularity required to determine what, if anything, Defendants were required to reimburse with respect to the roughly 1,300 Disputed Claims. Presenting five different methodologies for calculating reimbursements generally – but no contractual provisions that suggest which, if any, of the methodologies applies to the Disputed Claims – fails to address the deficiencies identified by the Court.

b. Plaintiff Failed to Cure Deficiencies with Respect to the Breach of Implied Covenant of Good Faith and Fair Dealing Claim

"Every contract includes an implied covenant of good faith and fair dealing." *AK Futures LLC v. LCF Labs Inc.*, No. 8:21-cv-02121-JVS, 2022 WL 2784409, at *5 (C.D. Cal. Jun. 24, 2022) (citing *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 683-84 (1988). "[A] claim for breach of the implied covenant is superfluous if it merely restates the claim for breach of contract." *Id.* (citing *Zepeda v. PayPal, Inc.*, 777 F.Supp.2d 1215, 1221 (N.D. Cal. 2011). "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in the companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).

The Court emphasized in the MTD Order that this cause of action was "'superfluous'" (MTD Order at 30) (quoting *AK Futures LLC*, 2022 WL 2784409, at *5), as Plaintiff failed to demonstrate how it was "meaningfully different than its breach of contract claim, [where] it relie[d] on the same alleged acts and conduct." (*Id.*). The Court dismissed the claim without prejudice, however, "[i]n the event that Plaintiff [could] supplement its allegations" to address this deficiency. (*Id.*).

Defendant Anthem argues that "[t]he SAC does not contain any new facts distinguishing this cause of action from the breach of contract claim[,]" and, instead simply "reasserts that Anthem did not fully pay Plaintiff's billed charges, labeling that failure as 'groundless' and in bad faith." (Anthem MTD at 9). Defendant CPS similarly notes that Plaintiff "has all but given up on this claim by failing to meaningfully add allegations or explain how it is legally distinct from its breach of contract claim." (CPS MTD at 9). The Court agrees.

Where Plaintiff has failed to add allegations to meaningfully distinguish this claim from the breach of contract claim, it remains "superfluous." *AK Futures LLC*,

2022 WL 2784409, at *5. As Plaintiff has "previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims," the Court concludes that granting further leave to amend would be futile. *Zucco Partners*, 552 F.3d at 1007; *Bonin v. Calderon*, 59 F.3d at 845. Accordingly, the Court **GRANTS** both Motions with respect to the breach of contract claim, thereby dismissing the claim with prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** both Motions, thereby dismissing the action in its entirety with prejudice. The Court **ORDERS** the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: August 13, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE