UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 2:25-cv-03220<br><br>**ORDER RE MOTION FOR RECONSIDERATION [38]** |

The Court is in receipt of Plaintiff's Motion for Reconsideration (the "Motion"). (Mot. for Reconsideration ("Mot."), Docket No. 38). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 11 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for September 26, 2025, is **VACATED**, and the matter is taken off calendar. For the reasons explained herein, the Court **DENIES** the Motion.

///

## I. BACKGROUND

The pertinent, factual background is established in the Court's Order on June 13, 2025 (the "June MTD Order"), which the Court incorporates by reference. (June MTD Order, Docket No. 28 at 2-6). Additionally, the pertinent procedural background is established in the Court's Order on August 13, 2025 (the "August MTD Order"), which the Court also incorporates by reference. (MTD Order, Docket No. 37 at 2).

In the August MTD Order, the Court granted Defendant Anthem and Defendant CPS' unopposed[1] motions to dismiss – finding that Plaintiff's Second Amended Complaint ("SAC") still failed to cure the deficiencies identified by the Court – thereby dismissing the action in its entirety with prejudice. (August MTD Order at 3-8). Specifically, with respect to the breach of contract claim, the Court concluded that "Plaintiff failed to cure the deficiencies identified by the Court – namely, the absence of allegations about the specific provision creating the obligation alleged to be breached – either by including good faith allegations that it had tried and failed to obtain the plan language or by including representative plan language." (*Id.* at 5). With respect to the breach of the implied covenant of good faith and fair dealing claim, Plaintiff "failed to add allegations to meaningfully distinguish this claim from the breach of contract claim," such that "it remain[ed] "'superfluous.'" (*Id.* at 6-7) (quoting *AK Futures LLC v. LCF Labs Inc.*, No. 8:21-cv-02121-JVS, 2022 WL 2784409, at *5 (C.D. Cal. June 24, 2022)). Because Plaintiff had "'previously been granted leave to amend and ha[d] subsequently failed to add the requisite particularity to its claims,' the Court conclude[d] that granting further leave to amend would be futile." (*Id.* at 5, 6) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)). As Plaintiff failed to oppose either of Defendant's motion to dismiss, the Court noted this as an additional reason to grant the motions. (*Id.* at 3).

[1] Plaintiff failed to file an opposition brief to either motion.

Nevertheless, on August 27, 2025, Plaintiff filed the Motion before the Court. (*See* Mot.). Plaintiff seeks reconsideration of (1) the Court's dismissal with prejudice of the sixteen claims that arise under the Medicare Act (the "Disputed Medicare Claims"), which Plaintiff contends should be a dismissal without prejudice; (2) the Court's dismissal with prejudice of the remainder of the claims in the spreadsheet attached to the SAC, which Plaintiff contends should be a dismissal without prejudice; and (3) the fact that the Court "premature[ly]" ruled on the motion, when Plaintiff "had requested [from Defendants] an extension for [its] opposition deadline."[2] (Mot. at 5). Defendants opposed the Motion (*see* Docket Nos. 39, 40), but Plaintiff did not file a Reply.

## II. DISCUSSION

### A. Legal Standard

A motion for reconsideration is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d. ed. 2000)). A motion for reconsideration should not be granted "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Local Rule 7-18 similarly only permits reconsideration when there is (1) a material difference in fact or law that could not have been known earlier with reasonable diligence; (2) the

---

[2] Plaintiff also seeks reconsideration of the dismissal with prejudice of the eleven ERISA-based claims – which the Court dismissed in the June MTD Order (*see* June MTD Order at 33). (Mot. at 7-18). Local Rule 7-18 requires that a motion for reconsideration be filed no later than 14 days after entry of the order that is the subject of the motion. L.R. 7-18. Given that Plaintiff seeks reconsideration of a ruling from the June MTD Order from nearly 60 days ago, it is clearly untimely. Therefore, to the extent that Plaintiff seeks reconsideration of the June MTD Order, it is **DENIED**, and the Court disregards this line of argument.

emergence of new material facts or a change in law; or (3) a manifest failure to consider material facts previously presented. L.R. 7-18. "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.* A party seeking reconsideration bears the burden of showing "that the district court committed clear error." *389 Orange Street Partners*, 179 F.3d at 665. "In the context of a motion to reconsider, 'clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Tawfilis v. Allergan, Inc.*, No. SACV 15-307-JLS, d2015 WL 9982762, at *2 (C.D. Cal. Dec. 14, 2015) (quoting *Monterey Bay Military Housing, LLC v. Pinnacle Monterey LLC,* No. 14-cv-03953-BLF, 2015 WL 1548833, at *5 (N.D. Cal. Apr. 7, 2015)).

**B. <u>Analysis</u>**

Plaintiff asserts three grounds for reconsideration: (1) that it was "clear legal error" to dismiss the Disputed Medicare Claims (Mot. at 6); (2) that it was "error" to dismiss the breach of contract claim (*Id.* at 8-9); and (3) that the Court "overlooked material facts" by disregarding that Plaintiff had "requested of moving Defendants an extension for Plaintiff's opposition[.]" (*Id.* at 10). The Court addresses each assertion in turn, finding Plaintiff has failed to demonstrate grounds for reconsideration. Accordingly, the Court **DENIES** the Motion.

*1. Plaintiff Has Failed to Demonstrate It Was Clear Error to Dismiss the Disputed Medicare Claims*

Plaintiff contends that it was clear error to dismiss the Disputed Medicare Claims with prejudice when it "was not afforded the opportunity to cure the exhaustion defect." (Mot. at 7). The Court disagrees.

The Court in its June MTD Order noted that, where the issue of administrative exhaustion "'bears on the court's jurisdiction[,]' the 16 Disputed Medicare Claims had to be "dismissed due to lack of jurisdiction, where there [we]re no facts alleged [in the First Amended Complaint] regarding administrative exhaustion." (June MTD

Order at 26-27) (quoting *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010). The Court, therefore, dismissed these claims without prejudice and with leave to amend, "but only in the event that Plaintiff [could] plead administrative exhaustion." (*Id.* at 33). Thus, as a practical matter, Plaintiff was explicitly given the opportunity to cure the exhaustion defect, despite its assertion otherwise. (*See* Mot. at 7). Plaintiff's Second Amended Complaint, however, eliminated the 16 Disputed Medicare Claims, which the Court concluded "suggest[ed] that Plaintiff could not plead administrative exhaustion." (August MTD Order at 1, n.1).

A plaintiff voluntarily abandons a claim when it is not included in an amended complaint. *See Milgrim v. Levy*, No. 2:19-cv-07087-VAP, 2022 WL 3574404, at *3 (C.D Cal. Jan. 20, 2022); *see also First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) ("In its FAC, [plaintiff] did not replead the claim, effectively abandoning it"). Courts may dismiss claims with prejudice that are abandoned. *See, e.g., Leon-Calederon v. Old Dominion Freight Line, Inc.*, No. 2:22-cv-08930-MCS, 2023 WL 1931328, at *7 (C.D. Cal. Feb. 10, 2023) (dismissing claims with prejudice and without leave to amend, given Plaintiff's "abandonment" of those claims); *Fernandes v. JP Marketing Inc.*, No. CV-14-7219-MWF, 2015 WL 13919447, at * 2 (C.D. Cal. Feb. 3, 2015) (same); *United States ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018) (affirming dismissal of abandoned claim without leave to amend) ("*Wellpoint*").

Plaintiff failed to re-allege the 16 Disputed Medicare Claims in the SAC. (*Compare* FAC *with* SAC). The Court's conclusion that Plaintiff abandoned the 16 Disputed Medicare Claims is sound, such that dismissal with prejudice was appropriate. *Milgrim*, 2022 WL 3574404, at *3; *First Resort*, 860 F.3d at 1274. Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error warranting reconsideration. *Wellpoint,* 904 F.3d at 681.

*2. Plaintiff Has Failed to Demonstrate It Was Clear Error to Dismiss the Breach of Contract Claim*

Plaintiff contends that the Court's dismissal of the breach of contract claim "for failure to plead specific plan language was improper given Defendants' withholding of plan documents." (Mot. at 8-10). The Court, again, disagrees.

First, Plaintiff misconstrues what the Court explained was required to state a claim for breach of contract. The Court expressly noted in its August MTD Order – as well as in its June MTD Order – that Plaintiff could cure the deficiencies identified by the Court "either by including good faith allegations that it had tried and failed to obtain the plan language *or* by including representative plan language." (August MTD Order at 5). Thus, as a preliminary matter, Plaintiff mischaracterizes the August MTD Order.

Second, the SAC failed to address the deficiency the Court's June MTD Order specifically directed it to cure. This warrants dismissal with prejudice. *Zucco Partners*, 552 F.3d at 1007.

Third, Plaintiff's current Motion merely repeats arguments that the Court has already considered and rejected. This is prohibited by Local Rule 7-18. In short, Plaintiff's Motion "is based on disagreement with the Court's Order[,]" which is "not a proper ground for seeking reconsideration pursuant to Local Rule 7-18[]." *Reese v. Verizon California, Inc.*, 2011 WL 13193419, at *2 (C.D. Cal. Sept. 21, 2011). Accordingly, Plaintiff has failed to demonstrate that reconsideration is warranted.

*3. That Plaintiff Requested an Extension of Defendants Has No Bearing on this Court's Ruling*

Plaintiff contends that the Court "overlooked material facts" when it failed to consider that "Plaintiff had requested of moving Defendants an extension for [its] opposition . . . [and] Plaintiff's counsel had not received the courtesy of a reply . . ." (Mot. at 10). This assertion is not well-taken.

Whether Plaintiff had requested an extension of *Defendants* is irrelevant.[3] Plaintiff did not request, nor receive, an extension from the Court. If Plaintiff needed an extension, and Defendants did not reply to a request to stipulate, Plaintiff had the option of filing an *ex parte* application seeking such an extension. That Plaintiff opted not to seek an extension does not mean that the Court overlooked a material fact – particularly where it had no way of knowing any extension was requested of Defendants or was even needed to begin with. Accordingly, Plaintiff has failed to demonstrate that reconsideration is warranted.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion, as Plaintiff has failed to demonstrate any reconsideration is warranted.

**IT IS SO ORDERED.**

Dated: September 22, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

[3] Plaintiff requested an extension of Defendants *after* the deadline to file an opposition had already passed, based on the declaration submitted by Plaintiff's counsel ("Doberman"). (*See* Decl. of Jeremy M. Doberman ISO Mot. ("Doberman Decl."), Docket No. 38-1 ¶ 2 & Ex. A). Given the hearing date of August 15, 2025, any opposition would need to be filed 21 days in advance of that hearing – on July 24, 2025 – under Local Rule 7-9. *See* L.R. 7-9 (requiring opposing briefs be filed no later than 21 days "before the date designated for the hearing of the motion"). Plaintiff's counsel requested to "adjourn the motions to dismiss for 3 weeks" on August 1, 2025. (Doberman Decl. ¶ 2 & Ex. A). Accordingly, even the request itself was untimely.